# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

Civil Action No. 3:20-CV-207

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, an Indiana corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAWN ETC., LLC, a North Carolina limited liability company d/b/a CORRECTIVE LANDSCAPE SERVICES; ADAM C. DUFFY; and LYDIA DUFFY,<br><br>Defendants. | **COMPLAINT FOR DECLARATORY RELIEF** |

NOW COMES Selective Insurance Company of South Carolina, by and through undersigned counsel, complaining of Lawn Etc., itself and d/b/a Corrective Landscape Services, Adam C. Duffy in his individual capacity, and Lydia Duffy in her individual capacity, and avers and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action in which the Plaintiff seeks an Order from this Honorable Court that, *inter alia*, declares that the maximum potential available coverage for the Defendants Duffy under the insurance policy issued by the Plaintiff is three hundred thousand and 00/100 dollars ($300,000.00).

## PARTIES

2. Selective Insurance Company of South Carolina ("Plaintiff" or "Selective") is a corporation duly organized under the laws of the State of Indiana, with its principal place of business in Hamilton County, Indiana.

3. Defendant Lawn Etc., LLC ("Lawn Etc.") is a limited liability company organized under the laws of the State of North Carolina with its principal place of business in Union County, North Carolina.

4. Upon information and belief, Lawn Etc. does business under its own name and as Corrective Landscape Services.

5. Defendant Adam C. Duffy ("Mr. Duffy") is a citizen of the State of North Carolina and resides in Union County, North Carolina. Mr. Duffy is the manager and registered agent for Lawn Etc.

6. Defendant Lydia Duffy ("Mrs. Duffy") is a citizen of the State of North Carolina and resides in Union County, North Carolina.

## JURISDICTIONAL ALLEGATIONS

7. There is complete diversity of citizenship between the parties.

8. The present dispute involves underinsured motorist coverage contained in an insurance policy issued by Selective. As described in greater detail *infra*, Selective seeks an Order from this Honorable Court declaring that three hundred thousand and 00/100 dollars ($300,000.00) is its total combined potential responsibility to the Defendants Duffy. Thus, the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

9. As such, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and Plaintiff seeks relief under Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 *et seq*.

10. Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue in this judicial district is proper because: (1) one or more of the defendants reside therein; and (2) a substantial part of the events or omissions giving rise to the claim occurred therein.

## FACTUAL ALLEGATIONS

### *I. Underlying Accident*

11. On or around September 30, 2016, the Defendants Duffy were traveling on State Highway 218 in Union County, North Carolina.

12. Mr. Duffy was operating their 2002 Harley Davidson motorcycle with Mrs. Duffy as a passenger, when they were involved in an accident with a 2014 Chevrolet operated by Jon Ryan Williams ("Mr. Williams").

13. The law enforcement report for this accident states that "[Mr. Williams' vehicle] was traveling north on SR 1606. [The Duffys' motorcycle] was traveling east on NC 218. [Mr. Williams' vehicle] went left of center to make a left turn onto NC 218. [Mr. Williams' vehicle] failed to yield the right of way to [the Duffys' motorcycle], [the Duffys' motorcycle] collided into [Mr. Williams' vehicle]. [Mr. Williams' vehicle] moved to the shoulder of the roadway. [The

Duffys' motorcycle] came to rest in the roadway. [The Duffys] were not wearing DOT approved helmets."

## *II.  Policies of First-Dollar Coverage*

14. Thereafter, upon information and belief, Mr. Williams' automobile insurance provider, State Farm, tendered its liability limits of $100,000 per person.

15. After this accident and the tendering of the policy limits by Mr. Williams' automobile insurer, Defendants Duffy sought additional indemnification under underinsured motorist ("UIM") provisions from four different insurance policies, including that of Selective.

16. Nationwide Property and Casualty Insurance Company ("Nationwide") issued a personal automobile insurance policy in North Carolina, policy number 6132C497150, to Mrs. Duffy, which includes UIM coverage limits in the amount of $100,000 per person and $300,000 per accident.

17. Upon information and belief, as of the filing of this lawsuit, Nationwide has tendered to Defendants Duffy its coverage limits, adjusted *pro rata* to account for the tender by State Farm. Defendants Duffy have accepted that tender.

18. Progressive Southeastern Insurance Company ("Progressive") issued a personal automobile insurance policy in North Carolina, policy number 56204916-5 to Mr. Duffy, which includes UIM coverage limits in the amount of $250,000 per person and $500,000 per accident.

19. Upon information and belief, as of the filing of this lawsuit, Progressive has tendered to Defendants Duffy its coverage limits, adjusted *pro rata* to account for the tender by State Farm. Defendants Duffy have accepted that tender.

20. Southern Insurance Company of Virginia ("Southern") issued a personal automobile insurance policy in North Carolina, policy number XAP4024346, to Mr. Duffy, which includes UIM coverage limits in the amount of $100,000 per person and $300,000 per accident.

21. Upon information and belief, as of the filing of this lawsuit, Southern has tendered to Defendants Duffy its coverage limits, adjusted *pro rata* to account for the tender by State Farm. Defendants Duffy have accepted that tender.

22. The personal automobile policies issued by Nationwide, Progressive, and Southern contain mutually repugnant excess or 'other insurance' provisions.

23. The personal automobile policies issued by Nationwide, Progressive, and Southern are primary UIM policies.

### III. Selective's Business Automobile Policy

24. Selective issued a business automobile insurance policy in North Carolina, policy number S1612082 ("Selective Policy") to Lawn Etc. and Mr. Duffy, including the assumed business name Corrective Landscape Services. The Selective Policy had an effective date on or around July 6, 2016.

25. The Selective Policy contains UIM coverage limit of one million and 00/100 dollars ($1,000,000.00) per accident. A true and accurate copy of the Selective Policy issued to Defendants Lawn Etc. and Mr. Duffy is attached hereto as **Exhibit 1**.

26. In addition to the insurance policies they have already collected upon, Defendants Duffy seek additional payment from the Selective Policy under the UIM coverage.

27. The Selective Policy contains a more specific excess provision than the policies issued to the Defendants Duffy by Nationwide, Progressive, and Southern.

28. The Selective Policy states in relevant part:

> **E. Changes in Conditions**
>
> The Conditions are changed for the Uninsured Motorists Coverage as follows:
>
> 1. **Other Insurance** in the Business Auto and Garage Coverage Forms and **Other Insurance — Primary And Excess Insurance Provisions** in the Truckers and Motor Carrier Coverage Forms are replaced by the following:
>
>    If there is other applicable insurance available under one or more policies or provisions of coverage:
>    a. The maximum recovery under **all** coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis.

29. The highest applicable limit for any one vehicle under any coverage form or Policy providing coverage on either a primary or excess basis is the Selective Policy's UIM coverage limit of $1,000,000.

30. The total sum of the accepted tenders by primary UIM insurers Nationwide, Progressive, and Southern to Defendants Duffy was seven hundred thousand and 00/100 dollars ($700,000.00).

31. The maximum coverage potentially available to Defendants Duffy under the excess UIM Selective Policy is $300,000, the difference between that paid by the primary UIM insurers and "the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis [which is $1,000,000]."

32. Defendants Duffy incorrectly claim that they are entitled to $1,000,000 in coverage under the Selective Policy.

33. Defendants Duffy make this contention despite the unambiguous language of the Selective Policy which limits the maximum total recovery to "the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis."

## FIRST CLAIM FOR RELIEF
*28 U.S.C. § 2201 et seq.*—Declaratory Judgment

34. The previous allegations are re-alleged and incorporated as if fully set forth herein.

35. Selective seeks relief pursuant to 28 U.S.C. § 2201 *et seq*.

36. An actual case or controversy exists between the parties concerning the respective rights of the parties to the Selective Policy (*i.e.*, Selective, Lawn Etc., and Mr. Duffy), and those who seek coverage under the Selective Policy (*i.e.*, the Defendants Duffy).

37. Selective is a party to, and thus interested in, the construction of the provisions of the Selective Policy. Selective has joined all known interested parties.

38. Selective is entitled to a declaration from this Honorable Court that $300,000 is its total combined potential responsibility to the Defendants Duffy under the Selective Policy.

**WHEREFORE**, Selective respectfully requests the following relief:

1. That the Court enter an order and judgment in favor of Selective, and against the Defendants, declaring that three hundred thousand dollars ($300,000) is its total combined potential responsibility to the Defendants under the Selective Policy, as more fully described *supra*;

2. That the Court tax the Defendants with the costs and reasonable attorneys' fees required by the Plaintiff to prosecute this action; and

3. That the Court grant any other relief it deems just and proper.

**RESPECTFULLY SUBMITTED**, this, the 3rd day of April, in the year 2020.

        s/ Bradley K. Overcash
        Bradley K. Overcash [N.C. Bar #36978]
        Daniel E. Peterson [N.C. Bar #41521]
        PARKER POE ADAMS & BERNSTEIN LLP

Three Wells Fargo Center
401 S. Tryon Street, Suite 3000
Charlotte, N.C. 28202
Telephone:  704-372-9000
Facsimile:  704-335-4450
bradovercash@parkerpoe.com
danielpeterson@parkerpoe.com
Counsel for the Plaintiff